IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| | ) |
| KENDELL LANG and FUSION PROPERTIES MANAGEMENT GROUP, INC. d/b/a FUSION FARMS, and BANCO POPULAR PUERTO RICO, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW the United States of America and complains and alleges as follows:

1. This civil action is commenced pursuant to Sections 7401, 7402(a) and 7403 of the Internal Revenue Code of 1986 (title 26 of United States Code) (hereinafter "IRC") at the direction of the Attorney General of the United States with authorization and at the request of Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and also pursuant to 28 U.S.C. § 3201(f)(1). The action is to enforce federal tax liens and a judgment lien against a condominium and a parking space at the same condominium complex, and to subject the property to the payment of other taxes for which the federal tax liens have been released but which nonetheless remain due and owing; for a determination that Fusion Properties Management Group, Inc. d/b/a Fusion Farms ("Fusion Farms") holds record title to the property as the nominee or alter ego of Kendell Lang; and to sell the property in partial satisfaction of Kendell Lang's federal tax liabilities and judgment debt. In the alternative, in the event the Court determines the property belongs to Fusion Farms, the Court should exercise its equitable authority to sell the property and disburse the proceeds to the United States for

1

application to Fusion Farms' indebtedness to the United States for a judgment in the amount of $11,416.10 and a disposition order requiring Fusion Farms to pay $150,000 to the United States.

2. Jurisdiction over this action is vested in the Court by Sections 1340 and 1345 of title 28, United States Code, and by IRC §§ 7402 and 7403.

3. The defendant Kendell Lang, upon information and belief, resides at 950 Calle Bastia, Unit 401, Rincon, Puerto Rico, 00677, within the jurisdiction of this Court.

4. The defendant Fusion Properties Management Group, Inc. d/b/a Fusion Farms, is a Puerto Rico corporation. Its principal place of business is 2025 Calle Jaime Rodriguez, Mayaguez, Puerto Rico, within the jurisdiction of this Court.

5. The defendant Banco Popular Puerto Rico is joined to this action pursuant to IRC § 7403(b) as a person that may claim a lien against or interest in the property at issue in this action, specifically a mortgage.

6. The property that is the subject of this action is a residential condominium located at 950 Calle Bastia, Unit 401, Rincon, Puerto Rico, 00677, ("Unit 401") and Parking Space E-79 ("Parking Space E-79") at the same condominium complex, namely, the Pelican Reef condominium complex. The property is situated within the jurisdiction of this Court. The legal description of Unit 401 is set forth in the deed appended as Exhibit 1 to this complaint. The legal description of Parking Space E-79 is set forth in the deed appended as Exhibit 2 to this complaint.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of the action is situated within this district.

## GENERAL ALLEGATIONS

8.  On July 25, 2008, the United States District Court for the Southern District of California, in *United States v. Kendell Lang et al.*, Case No. 06-cv-2648, entered summary judgment in the total amount of $437,812.47, plus interest, against Kendell Lang and in favor of the United States for Lang's personal federal income tax liabilities for tax years 1993, 1995, 1999, 2000, 2001, 2002, and 2004, and for 2002 income taxes as the representative of Patricia Lang's decedent's estate. Interest has accrued on this judgment debt at the variable rate established by 26 U.S.C. §§ 6621 and 6622. As of April 27, 2022, with interest and payments and other credits accounted for, the judgment debt is in the amount of $747,294.51. Kendell Lang has made no payments on this judgment.

9.  The Internal Revenue Service gave notice and demand for payment of the federal income tax liabilities set forth in the prior paragraph, and federal tax liens against all property and property belonging to Kendell Lang arose upon the assessment of those liabilities. The dates of the assessments are as follows:

| Income Tax Period | Date of Assessment |
| --- | --- |
| 1993 | March 3, 1997 |
| 1995 | December 9, 1996 |
| 1999 | March 24, 2006 |
| 2000 | March 24, 2006 |
| 2001 | May 15, 2006 |
| 2002 | March 24, 2006 |
| 2004 | October 4, 2006 |
| 2002 (as representative) | March 24, 2006 |

The creation of the federal tax liens set forth above is *res judicata* based on the summary judgment entered against Kendell Lang by the federal district court in California.

10.  The federal tax liens for Kendell Lang's 1993 and 1995 federal income tax liabilities remain valid and attach to all property and rights to property belonging to Kendell

Lang, including property to which record title is held by his nominee or alter ego. The Internal Revenue Service erroneously released the remaining federal tax liens and is in the process of revoking those releases pursuant to IRC § 6325(f)(2). Whether or not the lien releases are revoked, Kendell Lang remains liable for the underlying tax debts, and his property is subject to payment of his federal income tax debts.

11. The United States registered the judgment against Lang in this district on February 19, 2021, commencing Case No. 3:21-mc-00074-FAB. On March 17, 2021, the Court issued a writ of continuing garnishment to Fusion Farms to enforce the judgment against Lang. In March 2021, Kendell Lang was Fusion Farms' sole officer and director. On February 4, 2022, the Court entered judgment against Fusion Farms in the amount of $11,416.10 for amounts it paid Lang in violation of the writ of garnishment. Also on February 4, 2022, the Court ordered Fusion Farms to pay the United States $150,000 by February 14, 2022, as the disposition of funds Fusion Farms owed to Kendell Lang. (The "Disposition Order.") Fusion Farms has paid nothing on account of the judgment entered against it and has paid nothing to the United States on account of the Disposition Order. Fusion Farms, along with Kendell Lang and Fusion Farms' officer Eliot Pratt have been found in contempt for the failure to pay the United States $150,000 as required by the Disposition Order.

12. On or about March 31, 2022, Fusion Farms acquired record title to Unit 401 and Parking Space E-79.

13. On May 5, 2022, the United States recorded an abstract of judgment relating to the judgment against Kendell Lang, a copy of which is appended as Exhibit 3 to this complaint, creating a judgment lien against all real property belonging to Kendell Lang pursuant to 28 U.S.C. § 3201.

## COUNT 1

*Enforcement of federal tax liens, federal tax debt, and judgment lien against Unit 401 and Parking Space E-79 as property belonging to Kendell Lang*

14. The United States repeats and realleges the allegations set forth in paragraphs 1 through 13, above.

15. Federal tax liens for Kendell Lang's 1993 and 1995 federal income tax liabilities extend to all property and rights to property belonging to Kendell Lang, including property belonging to him for which record title is held by Lang's nominee or alter ego.

16. Likewise, property belonging to Kendell Lang, including property belonging to him for which record title is held by Lang's nominee or alter ego, is subject to Lang's tax debts, whether or not the corresponding federal tax liens have been released.

17. The judgment lien against Kendell Lang extends to all real property situated in this district belonging to Kendell Lang, including property belonging to him for which record title is held by Lang's nominee or alter ego.

18. Fusion Farms holds record title to Unit 401 and Parking Space E-79 as Kendell Lang's nominee, and Kendell Lang is the true owner of Unit 401 and Parking Space E-79, for the following reasons:

    a. Kendell Lang owns over 90% of Fusion Farms' stock through a self-settled Bahamian trust for which he is the beneficiary;

    b. Kendell Lang holds himself out as Fusion Farms' CEO/President, Secretary, and Treasurer;

    c. Kendell Lang holds himself out as Fusion Farms' sole director;

    d. Kendell Lang exercised sole control over all Fusion Farms' bank accounts as recently as December 2021 and may do so still;

  e. Kendell Lang makes all major corporate decisions for Fusion Farms and was solely responsible for the corporate authorization for Fusion Farms to purchase Unit 401;

  f. Kendell Lang resided in Unit 401 beginning April 2020 and upon information and belief resides there still;

  g. Fusion Farms is purportedly a sustainable agriculture company and ownership of real property is unrelated to its core business;

  h. Kendell Lang exercises full control over Unit 401 and Parking Space E-79 without interference from Fusion Farms;

  i. Kendell Lang resided in a home in Southern California for which record title was held by a trust that was later judicially determined to be Lang's nominee; and

  j. Lang is a chronic defier of the tax laws: since 1995, the only federal income tax returns he has filed are for the years 2017, 2018, and 2019, and for each of those three years he reported only $10 in gross income.

19. Fusion Farms holds record title to Unit 401 and Parking Space E-79 as Kendell Lang's alter-ego for the following reasons:

  a. Lang has concealed his ownership of over 90% of Fusion Farms' stock as part of a scheme to defeat collection of his federal income tax liabilities;

  b. Lang has held himself out as Fusion Farms President/CEO, Secretary, and Treasurer, as well as its sole director; he has not received a salary but has instead caused Fusion Farms to pay his personal expenses as purported reimbursements;

  c. Although Fusion Farms has a "Governance Board of Directors," that body is merely advisory and Kendell Lang unilaterally makes all major decisions for the corporation,

including whether to incur up to $2,000,000 in debt financing and whether to purchase Unit 401 and Parking Space E-79; and

   d. Most of the funds acquired by Fusion Farms throughout its existence have come from loans or equity investments; its revenues from operations are minimal.

  WHEREFORE, the Court should grant judgment to the United States as follows:

   (A) Determine that Kendell Lang is the true and beneficial owner of Unit 401 and Parking Space E-79, and that Fusion Farms holds record title to Unit 401 and Parking Space E-79 as Kendell Lang's nominee and/or his alter ego;

   (B) Determine that Unit 401 and Parking Space E-79 are subject to enforcement of federal tax liens for Kendell Lang's 1993 and 1995 federal income tax liabilities, and are subject to Kendell Lang's federal income tax liabilities for 1999, 2000, 2001, 2002, and 2004, and his liability in a representative capacity for Patricia Lang's 2002 federal income tax liabilities;

   (C) Determine that Unit 401 and Parking Space E-79 are subject to the judgment lien against Kendell Lang;

   (D) Determine that Unit 401 and Parking Space E-79 may be sold by separate order of the Court, free and clear of the interests of the claims and interests of all parties to this action; and

   (E) Provide such other and further relief to the United States as appears appropriate.

## COUNT 2

*In the alternative, Unit 401 and Parking Space E-79 should be sold and the sale proceeds applied to Fusion Farms' debt to the United States*

20.     The United States repeats and realleges the allegations set forth in paragraphs 1 through 13, above.

21.     In the event the Court concludes that Unit 401 and Parking Space E-79 are the property of Fusion Farms, the Court should exercise its equitable authority to enforce the Disposition Order against Fusion Farms by imposing a compensatory contempt sanction, namely, by selling the property at a judicial sale and disbursing sufficient proceeds to the United States to satisfy its judgment against Fusion Farms, including interest, and its claim under the Disposition Order, with interest.

WHEREFORE, as an alternative to Count 1, in the event the Court concludes that Unit 401 and Parking Space R-79 are the property of Fusion Farms, the Court should enter judgment to the United States as follows:

(A)     decreeing that Unit 401 and Parking Space E-79 are to be sold pursuant to a separate order of the Court at a judicial sale as a compensatory contempt sanction against Fusion Farms;

(B)     Determining that the United States is entitled to that portion of the net sale proceeds as is necessary to satisfy its judgment against Fusion Farms, and its claim against Fusion Farms under the Disposition Order, with interest on both running from February 4, 2022; and

(C) Provide such other and further relief to the United States as appears appropriate.

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        U.S. Department of Justice, Tax Division

By:    ___*s/ Philip Doyle*_____
        PHILIP DOYLE
        Attorney, Tax Division

> U.S. Department of Justice
> Post Office Box 310 (Ben Franklin Station)
> Washington, DC 20044
> Telephone: (202) 514-9673
> Facsimile: (202) 514-9477
> Email: philip.a.doyle@usdoj.gov